# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MOORE,<br><br>                Plaintiff,<br>vs.<br><br>DERRICK OLLISON, Warden,<br>                Defendant. | CASE NO. 07CV141-IEG-AJB<br><br>**ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT; (2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE; (3) GRANTING CERTIFICATE OF APPEALABILITY** |

      Before the Court is James A. Moore's (Petitioner) Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his November 4, 2003 conviction for First Degree Burglary in Imperial County Superior Court, case number CF-12021. Respondent filed an answer (Doc. No.6) and lodged the relevant portions of the state court record. Petitioner filed a traverse (Doc. No. 9.)

      The Court referred the matter to Magistrate Judge Anthony J. Battaglia, who issued a Report and Recommendation (R&R) recommending the Court dismiss the Petition on the merits. (Doc. No. 13.) On August 26, 2008, Petitioner filed objections to the R&R. The Court has considered the R&R and Petitioner's objections and (1) adopts Judge Battaglia's recommendations, (2) dismisses Petitioner's § 2254 petition, and (3) grants a certificate of appealability.

## BACKGROUND

**A.    State Procedural Background**

      On November 4, 2003, a jury found petitioner guilty of first degree burglary under Cal. Penal Code §§ 459, 462(a). (Lodgment 1, Clerk's Tr. at 59.) In a bifurcated proceeding, the court found

1 petitioner had suffered three prior strike convictions pursuant to California Penal Code section 1170.12(a) through (d), and section 667(b) through (i). (Lodgment 1 at 61.)  The court sentenced petitioner to state prison for a term of twenty-five years to life. (Lodgment 1 at 128.) On February 6, 2004, petitioner filed a notice of appeal from the judgment. (Lodgment 1 at 129.)

In an opinion issued October 11, 2005, the California Court of Appeal, Fourth District, Division One, affirmed the judgment. (Lodgment 17.)

Petitioner filed a petition for review with the California Supreme Court on November 14, 2005 (Lodgment 18).  Petitioner also filed two subsequent petitions for state habeas review. (Lodgment 19.) The California Supreme Court denied these habeas petitions on September 13, 2006. (Lodgment 21.)

**B.     Petitioner's Claims**

Petitioner asserts eight grounds for relief: (1) the trial court erred by not requiring the prosecutor to justify dismissing an African-American from the jury; (2) the prosecutor committed misconduct during closing argument; (3) the court denied Petitioner his right to allocution; (4) the court abused its discretion by failing to dismiss strike priors; (5) petitioner suffered cruel and unusual punishment under the California and United States Constitutions; (6) trial and appellate counsel were ineffective; (7) counsel failed to investigate; and (8) the prosecutor breached the plea agreement. (Doc. No. 1.)

**LEGAL STANDARD**

The Court may grant the section 2254 petition only if the state court's action was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 403, 412-13 (2000).

A state court's decision is "contrary to" clearly established federal law if the state court (1) "arrives at a conclusion opposite to that reached by this Court on a question of law" or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court's]." Williams, 529 U.S. at 405.

A state court's decision is an "unreasonable application" if the application was "objectively

1  unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003).

2  Finally, habeas relief is available if the state court proceedings "resulted in a decision that was
3  based on an unreasonable determination of the facts in light of the evidence presented in state court."
4  28 U.S.C. § 2254(d)(2).  A state court's decision will not be overturned unless the underlying factual
5  determinations were objectively unreasonable. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003);
6  see also Rice v. Collins, 546 U.S. 333, 341-42 (2006) (the fact that "[r]easonable minds reviewing the
7  record might disagree" does not render a decision objectively unreasonable). The Court presumes the
8  state court's factual findings are correct and Petitioner may rebut the presumption by clear and
9  convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

11 Petitioner objects to the portions of Judge Battaglia's R&R concerning the prosecutor's
12 peremptory challenges and the denial of an evidentiary hearing.  The Court reviews these portions
13 of the R&R de novo. 28 U.S.C. § 636(b)(1)(C) ("[T]he court shall make a de novo determination of
14 those portions of the report . . . or recommendations to which objection is made.").

**A.  Batson Challenge**

16 Petitioner argues the trial court erred by not requiring the prosecutor to justify his peremptory
17 challenge to the sole African-American on the jury panel.  Respondent argues the California Court of
18 Appeal properly resolved this issue based on a reasonable application of Supreme Court precedent..

19  1.  State Trial Court Ruling

20 During voir dire, the prosecutor exercised his first peremptory challenge against potential juror
21 Alma Davis, the only African-American on the jury panel.  In response to questioning, Ms. Davis
22 disclosed she had known Petitioner, who is also African-American, for over 35 years. (Lodgment 7,
23 82-83.) Specifically, Ms. Davis went to school with Petitioner's sister, her brothers were Petitioner's
24 friends, and her mother knew Petitioner's mother.  Ms. Davis stated she would be able to render a
25 verdict based strictly on the evidence despite these associations.

26 The Court excused Ms. Davis as the prosecutor's first peremptory challenge. (Lodgment 7,
27 149.)  At the end of the voir dire process, defense counsel noted Ms. Davis was the only African-
28 American out of 130 potential jurors. (Lodgment 7, 183-184.) Defense counsel then stated:

> Well, I was a little disappointed that Mr. Baker [prosecutor] exercised his peremptory, which he's absolutely entitled to, to dismiss the only African-American on the case. I don't know if it's in the record, but Mr. Moore is an African American, the defendant in this particular case. That's it. Submit it.

(Lodgment 7, 184.) Defense counsel requested a new jury panel with a more representative sample of African-Americans, citing People v. Wheeler, 22 Cal. 3d 258 (Cal. 1978) overruled on other grounds by Johnson v. California 545 U.S. 162 (2005).[1] The court rejected the motion and found counsel did not show "the dismissal was based upon race." The court recognized the proportion of African-Americans on the venire was statistically irregular, but found no systemic flaw. The court concluded Ms. Davis's long relationship with petitioner and his family justified the peremptory challenge.

### 2. California Court of Appeal Decision

The California Court of Appeal recognized a state trial court must conduct a three-step review of peremptory challenges. First, the defendant must make a prima facie showing "the totality of the relevant facts gives rise to an inference of discriminatory purpose." Johnson, 545 U.S. at 168. Second, once a defendant makes out a prima facie case, the State must offer a "permissible race-neutral justification." Id. Third, if the state offers a race-neutral explanation, the trial court must decide "whether the opponent of the strike has proved purposeful racial discrimination." Id.

Evaluating the first step, the court employed a "totality of the relevant facts" test to evaluate if there was "an inference of discriminatory purpose." (Lodgment 17, 4-7.) The Court found petitioner proved part of his prima facie case by showing he and Ms. Davis were part of a cognizable racial group and proving the prosecutor removed Ms. Davis using a peremptory challenge. However, the court found petitioner failed to raise an inference the peremptory challenges were race-based because Ms. Davis's friendship with petitioner negated the inference.

### 3. Magistrate Judge's R&R

After detailing the state trial court and court of appeal proceedings, the magistrate judge discussed the controlling Supreme Court precedent. First, the magistrate judge noted the Ninth Circuit summarized the controlling Batson line of cases, which address claims of racially discriminatory use

---

[1] In Wheeler, the California Supreme Court held the use of peremptory challenges to remove prospective jurors on the sole ground of group bias violates the right to trial by a jury drawn from a representative cross-section of the community under Cal. Const., art. I, § 16. 22 Cal. 3d 258.

1  of peremptory challenges. <u>Fernandez v. Roe</u>, 286 F.3d 1073, 1077 (9th Cir. 2002) (citing <u>Batson v.</u>
2  <u>Kentucky</u>, 476 U.S. 79, 96-98 (1986)) (internal citations omitted). Under <u>Batson</u>, petitioner must first
3  establish a prima facie case by showing (1) the petitioner is a member of a cognizable group; (2) the
4  prosecution removed members of the group; and (3) circumstances raise an "inference" the challenges
5  were motivated by race. <u>Id.</u> The burden then shifts to the prosecutor to articulate a race-neutral basis
6  for the peremptory challenge. Finally, the trial court must determine whether the petitioner has proven
7  purposeful discrimination. <u>Id.</u>

8  The magistrate judge concluded the court of appeal's decision was consistent with clearly
9  established federal law and involved a reasonable application of the law to the facts of the case. The
10 magistrate judge found the record showed the prosecutor did not base his peremptory challenge of Ms.
11 Davis on group bias, but rather on her personal relationship with petitioner and his family. The
12 magistrate judge further found petitioner adequately established he is a member of a cognizable group
13 and the prosecutor removed a member of the group. However, the magistrate judge found a
14 peremptory challenge to remove the sole African-American juror on the potential panel by itself does
15 not raise an inference the challenge was rase-based in this case. The magistrate judge recommended
16 denying the petition on this claim.

17        4.    <u>Petitioner's Objections</u>

18  Petitioner objects to the magistrate judge's recommendation on three grounds. First, he objects
19 to the finding the California Court of Appeal decision was consistent with "clearly established federal
20 law." Second, he objects to the finding the prosecutor's use of his peremptory challenge to remove
21 the sole African-American juror on the panel by itself does not raise an inference the challenge was
22 race-based. Third, petitioner contends he satisfied the <u>Batson</u>'s first step by producing evidence
23 sufficient to permit an inference of discrimination.

24        5.    <u>Analysis</u>

25  The California Court of Appeal's decision is consistent with clearly established federal law.
26 Under <u>Batson</u>, petitioner must make a prima facie showing of discriminatory purpose. To make the
27 prima facie showing, petitioner must establish (1) he is a member of a cognizable group; (2) the
28 prosecution removed a member of the group; and (3) circumstances raise an "inference" the challenges

were motivated by race. Fernandez, 286 F.3d at 1078.  Petitioner proved both the first and second prong of the inference requirement because he is African-American and the prosecution removed Ms. Davis, who is also African-American.

However, petitioner failed to raise an inference the challenges were racially motivated. The inference arises "so long as the sum of the proffered facts gives 'rise to an inference of discriminatory purpose.'" Johnson v. California, 545 U.S. 162, 169 (2005) (quoting Batson, 476 U.S. at 94).  The Constitution forbids "striking even a singled prospective juror for a discriminatory purpose. United States v. Vasquez-Lopez, 22 F.3d 900, 902 (9th Cir. 1994).  However, "the fact the juror was the one Black member of the venire does not, in itself, raise an inference of discrimination." Id.  The court must "consider the relevant circumstances surrounding a peremptory challenge." Id.

The California Court of Appeal's decision was a reasonable application of federal law and a reasonable determination of the facts in light of the evidence presented.  The court of appeal found the trial court considered the relevant circumstances surrounding the peremptory challenge and correctly decided petitioner failed to raise the requisite inference.  The Court finds this conclusion reasonable.  First, the trial court considered the effect of the challenge on the composition of the jury, but found the effect unmotivated by race.  Second, the court considered Ms. Davis's family-friendship with petitioner over the prior 35 years.  Balancing these factors, petitioner failed to raise an inference of discrimination.  Accordingly, the Court finds the court of appeal reasonably found petitioner failed to satisfy the first step of Batson.  For this reason, the Court **DENIES** the petition for writ of habeas corpus as to the Batson issue.

**B.    Evidentiary Hearing**

In his petition, Petitioner requested an evidentiary hearing to determine the motive behind the prosecutor's peremptory challenge to Ms. Davis.

i.    Magistrate Judge's Report and Recommendation

The magistrate judge first noted a district judge does not have to consider whether a hearing is necessary until after the papers are presented, petitioner has sufficiently alleged a constitutional deprivation, and disputed facts appear on the face of the petition or supporting papers.  The magistrate judge further noted the trial court's exercise of discretion can only be tested in light of the reasons

disclosed at the time of the motion. <u>Ungar v. Sarafite</u>, 376 U.S. 575, 589 (1964).

The magistrate judge acknowledged a court is required to hold a hearing in certain situations: (1) if the state fact finding procedure was inadequate to afford a full and fair hearing; (2) the petitioner did not receive a full, fair, and adequate hearing; or (3) the state court record was not sufficient to support the state findings. <u>Lambert v. Blodgett</u>, 393 F.3d 943, 972 (9th Cir. 2004). However, the magistrate judge cited <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1 (1992), for the proposition an evidentiary hearing cannot be held if the petitioner failed to develop the factual basis of the claim, unless the petitioner demonstrates (1) cause for failing to develop the fact and prejudice or (2) a fundamental miscarriage of justice would result from a denial of the hearing. The magistrate judge concluded this Court has discretion and recommended denying the request for an evidentiary hearing.

ii.  Petitioner's Objections

Petitioner contends the Court must grant an evidentiary hearing because the state court did not afford him a full and fair hearing. Specifically, petitioner argues he never received a <u>Batson</u> hearing.

iii.  Analysis

Generally, the decision whether to grant a hearing in a 2254 habeas action is a matter which lies within the discretion of the federal district court. <u>Thomas v. State of Ariz.</u>, 356 U.S. 390, 403 (1958). When the Court has discretion, the petitioner must "persuade the district court" to exercise its discretion. <u>McDonald v. Johnson</u>, 139 F.3d 1056, 1059 (5th Cir. 1059-60).

However, there are limitations to this discretion. A hearing is mandatory if (1) the state fact finding procedure was inadequate to afford a full and fair hearing; (2) the petitioner did not receive a full, fair, and adequate hearing; or (3) the state court record was not sufficient to support the state findings. <u>Lambert v. Blodgett</u>, 393 F.3d 943, 972 (9th Cir. 2004). A hearing is barred if petitioner failed to develop material facts at the state court proceeding. 28 U.S.C. § 2254(e)(2).

A hearing is not mandatory in this case. A hearing is only mandatory if petitioner did not receive a full and fair hearing and "has presented a colorable claim for relief." <u>Tilcock v. Budge</u>, 538 F.3d 1138, 1145 (9th Cir. 2008). A claim is colorable if petitioner "has alleged specific facts that, if true, would entitle him to relief." <u>Id.</u> at 1145-46. As discussed above, petitioner fails to allege facts constituting a colorable claim, as he failed to allege facts satisfying <u>Batson</u>'s step one. Further, the

proceedings in state court were adequate, full, and fair. A trial judge may end the <u>Batson</u> inquiry once he determines the petitioner has failed <u>Batson</u> step one. In this case, the proceedings were adequate because the judge continued the inquiry until he was satisfied petitioner failed <u>Batson</u> step one.

Likewise, a hearing is not barred by 28 U.S.C. § 2254(e)(2). Petitioner developed the factual basis for his claim before the state court. Petitioner's counsel raised the issue before the state court judge, stated the reason for his objection, and stated the evidence behind his reasoning. The judge had all of the evidence before him and was able to make a determination on this evidence.

This Court is free to exercises its discretion. The state court fully developed the facts and petitioner does not dispute trial court's factual findings. For this reason, a hearing is unnecessary and the Court **DENIES** petitioner's request.

## C.   Certificate of Appealability

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]'" <u>Beaty v. Stewart</u>, 303 F.3d 975, 984 (9th Cir. 2002) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). Based on the pleadings and the record, the Court finds Petitioner has made a "substantial showing" and **GRANTS** a certificate of appealability with respect to all of Petitioner's claims.

## CONCLUSION

For the foregoing reasons and based upon the Court's review of the entire Report and Recommendation, the Court **ADOPTS** the Report and Recommendation, enters judgment **DENYING** the petition, and **GRANTS** a certificate of appealability.

**IT IS SO ORDERED**

DATED:  November 4, 2008

*Irma E. Gonzalez*
IRMA E. GONZALEZ, Chief Judge
United States District Court